IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


SHANE C. SARGENT,                    )
           Plaintiff,              )
                              )          Case No. 3:11-0715
                              )
v.                                    )
                              )          Judge Trauger
                              )          Magistrate Judge Bryant
SOUTHWEST AIRLINES,                  )
           Defendant              )

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

### I

Plaintiff Shane C. Sargent filed this action pro se and in forma pauperis on July 27,

2011. By Order entered July 29, 2011, Judge Trauger referred the matter to the undersigned

for assessment of whether plaintiff's complaint warrants further proceedings, pursuant to 28

U.S.C. § 1915(e)(2). (Docket Entry No. 1.) For the reasons given below, the undersigned finds

that plaintiff's complaint fails to state a claim upon which relief can be granted, and is

therefore subject to dismissal under § 1915(e)(2)(B)(ii).

### II

Under § 1915, which governs "Proceedings in forma pauperis," the district court is

empowered to review a complaint filed in forma pauperis in order to ascertain its viability,

subject to the following mandate:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the
court shall dismiss the case at any time if the court determines that –

(A) The allegation of poverty is untrue; or

(B) The action or appeal –
    (i)      is frivolous or malicious;
    (ii)     fails to state a claim on which relief may be granted; or
    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). See also McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997) (overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007)) (instructing district courts to screen complaints filed by nonprisoners proceeding in forma pauperis, holding that "[t]he complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.").

A complaint is frivolous "where is lacks an arguable basis either in fact or in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). When deciding whether a complaint states a claim for relief, all well-pleaded factual allegations are accepted as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011). The complaint must contain "enough facts to state a claim to relief that is plausible on its face [,]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint suggesting "the mere possibility of misconduct" is insufficient. Id. At 679. See also Floyd v. County of Kent, 454 F. App'x 493, 496-97 (6th Cir. Jan. 6, 2012). Pro se complaints are liberally construed, however, and are held to less stringent standards than the formal pleadings prepared by attorneys. Williams, 631 F.3d at 383.

## III

The undersigned has reviewed the complaint in this matter, and finds that the complaint fails to state a claim on which relief may be granted. The plaintiff alleges that he has been subjected to a racially hostile work environment and retaliation because he submitted a claim to the U.S. Equal Employment Opportunity Commission. At all pertinent times, plaintiff, an African-American, was employed as a ramp agent by Southwest Airlines. The complaint states that on February 8, 2010, the plaintiff found a rope tied in the form of a noose hanging from another employee's locker. Airport Security and Southwest Airlines conducted interviews to determine the individual who placed the rope on the locker but were unable to positively identify anyone. The employee who used the locker in question denied any knowledge of the rope. Plaintiff alleges that defendant Southwest did not do enough to identify the person who placed the noose in the locker room and to enforce its "zero tolerance" policy.

To succeed on a claim of a racially hostile work environment, the plaintiff must demonstrate that harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment. Williams v. CSX Transp. Co., 643 F.3d 502, 511 (6th Cir. 2011). Factors to consider include, "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Id. at 512. The allegations of the complaint do not indicate a racially hostile work environment that has been sufficiently severe or pervasive to establish a claim on which relief may be granted. There are no allegations of any other incidents of alleged racial

3

harassment or discrimination that have been directed to the plaintiff. The plaintiff alleges he found an offensive racial slur in the cargo bin of plane but there is no allegation that this comment was specifically directed to the plaintiff. In any event, isolated incidents and occasional offensive utterances do not rise to the level required to create a hostile work environment. Id. at 512. The noose incident alleged by plaintiff was an isolated single occurrence that cannot be regarded as sufficiently severe or pervasive to establish a claim on which relief may be granted, and a review of plaintiff's 14-page "timeline of events" (Docket Entry No. 1 at 27-40) fails to reveal allegations sufficient to constitute a hostile work environment or retaliation. Cf. Nicholson v. City of Clarksville, 2012 WL 4026051 (M.D. Tenn. Sept. 12, 2012) (finding insufficiently severe or pervasive allegations of four incidents of racial slurs and the discovery of two nooses in the workplace over a four-year period).

## IV

In light of the foregoing, the Magistrate Judge recommends that plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 30th day of October, 2012

s/John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE