# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SHANE S. SARGENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:11-cv-00715 |
| v. ) | Judge Aleta A. Trauger |
| ) | Magistrate Judge Bryant |
| SOUTHWEST AIRLINES, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

On October 30, 2012, the Magistrate Judge filed a Report and Recommendation (Docket No. 6) ("R&R"), recommending that the court dismiss the plaintiff's Complaint (Docket No. 1) for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The plaintiff, Shane Sargent, has filed a Response to Court Recommendation (Docket No. 9), which the court construes as asserting timely objections to the R&R.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). Objections must be specific; an objection to the report in general is not sufficient and will result in waiver of further review. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Sargent's objections to the R&R fail for several reasons. First, the objections are non-specific, justifying waiver of further review on that basis alone. Second, in asserting these general objections, Sargent improperly relies on additional materials that exceed the scope of his

Complaint (and his original EEOC charge), apparently to buttress his otherwise insufficient hostile work environment and retaliation allegations. However, under the Rule 12(b)(6) standard that governs a frivolity review under 28 U.S.C. § 1915(e)(2)(B)(ii), the court's analysis is confined to the Magistrate Judge's assessment of the Complaint allegations, with respect to which Sargent has articulated no viable objections. Third, even if the court were to consider the additional materials and accept the representations within them as true (other than Sargent's generalized arguments), they would not establish a hostile work environment claim or a retaliation claim.

Although the court is obligated to deny Sargent's objections, the court acknowledges that the presence of a noose in Sargent's locker room was deplorable and objectively offensive. Nevertheless, it appears that Southwest Airlines removed the offending noose, investigated the incident, and reminded all employees of their obligation not to engage in that type of offensive conduct. The record does not support a finding that this incident created a hostile work environment or that Sargent faced retaliation for (justifiably) complaining about it. Thus, notwithstanding Sargent's admirable effort to collect information relating to his claims and to present those materials to the court, his claims as alleged must be dismissed.

For the reasons stated herein, Sargent's objections to the R&R are **OVERRULED**. The R&R is hereby **ADOPTED AND APPROVED**, and this case is **DISMISSED WITH PREJUDICE**. Entry of this Memorandum and Order shall constitute judgment in the case.

It is so **ORDERED**.

Enter this 12th day of December 2012.

_____
ALETA A. TRAUGER
United States District Judge